Emma **JONES** and Edward Jones, Plaintiffs–Appellants,

v.

**EXXON CORPORATION** d/b/a Exxon Shop, Defendant–Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 27, 1996.

Application for Permission to Appeal Denied by Supreme Court Jan. 21, 1997.

Lewis K. Garrison, Teresa M. Hite, Memphis, for Plaintiffs–Appellants.

John J. Heflin, III, Bourland, Heflin, Alvarez, Holley & Minor, PLC, Memphis, for Defendant–Appellee.

CRAWFORD, Presiding Judge, Western Section.

This is a premises liability case. Plaintiffs, Emma Jones and Edward Jones, appeal from the order of the trial court granting defendant Exxon Corporation's motion for summary judgment.

The material facts are undisputed. After leaving work on December 17, 1991, Emma Jones stopped to purchase gas at the Exxon station at 186 Danny Thomas Boulevard in Memphis. Mrs. Jones parked at a concrete pumping island, got out of her vehicle and walked toward the Exxon shop to pay for her gasoline prior to pumping it. When she stepped out of her vehicle, she noticed that gas was spilling rapidly out of a jeep-like vehicle on the opposite side of the concrete pumping island. In the Exxon shop she announced that gasoline was spilling out of someone's vehicle, but apparently neither the cashier nor any of the customers in the Exxon shop reacted to Mrs. Jones's announcement. Mrs. Jones testified that there were four or five customers in front of her in the line. When she reached the cashier, Mrs. Jones repeated that gasoline was spilling out of someone's car. She also testified that no one, including the Exxon cashier, reacted to her statement.

After paying for her gasoline, Mrs. Jones left the Exxon shop and, using the same route she had used to enter the shop, walked back to her car. She then pumped her gas and, as she was walking to the driver's side door of her automobile, slipped and fell on the concrete which was wet due to the overflowing gasoline. After she fell, Mrs. Jones went inside and told the cashier that she had fallen. The store manager appeared and told Mrs. Jones the name of a dry cleaner where she could take her soiled clothing.

Mrs. Jones's complaint alleges that she suffered severe pain and injury, incurred medical expenses, loss of time from work and disability as a result of the defendant's negligence. Plaintiff Edward Jones alleges that he suffered a loss of services and a loss of consortium due to his wife's injuries.

Plaintiffs present two issues on appeal; however, we perceive the dispositive issue to be whether the trial court erred in granting defendant's motion for summary judgment.

A trial court should grant a motion for summary judgment when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material facts exists. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993). On a motion for summary judgment, the trial court and the appellate court must consider the motion in the same manner as a motion for directed verdict made at the close of plaintiff's proof; that is, the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210–11. The phrase "genuine issue" as stated in Tenn.R.Civ.P. 56.03 refers to genuine, factual issues, and does not include issues involving legal conclusions to be drawn from the facts. *Id.* at 211 (citing *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn.App.1984)). In *Byrd*, the Court said:

> Once it is shown by a moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavit or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978); *Merritt v. Wilson Cty. Bd. Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn.App.1983). In this regard Rule 56.05 provides that a nonmoving party cannot simply rely upon his pleadings, but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond summary

> judgment ... shall be entered against him." Rule 56.05 (Emphasis in original). *Id.*

In order to bring a successful suit based on a claim of negligence, the plaintiff must establish:

> (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause.

*Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn.1985)).

▮▮▮ Whether a defendant owes a duty to a plaintiff in any given situation is a question of law for the court. *Bradshaw*, 854 S.W.2d at 869. In determining whether a duty exists, the court should consider:

> [W]hether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others— or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant. This is entirely a question of law to be determined by reference to the body of statutes, rules, principles, and precedents which make up the law; and it must be determined only by the court.... A decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant.

854 S.W.2d at 870.

▮▮▮ In cases involving premises liability, the duty owed by the premises owner to an invitee is "a duty of reasonable care under all the circumstances." *Eaton v. McLain*, 891 S.W.2d 587, 593–94 (Tenn.1994). This duty is based upon the assumption that the owner has superior knowledge of any perilous condition that may exist on the property, *Kendall Oil Co. v. Payne*, 41 Tenn.App. 201, 293 S.W.2d 40, 42 (1955) and includes the obligation of the owner to either remove or warn against any latent dangerous condition

of which the owner is aware or should be aware through the exercise of reasonable diligence. *Eaton,* 891 S.W.2d at 594. The scope of a premises owner's duty is grounded upon the foreseeability of the risk involved. In *Eaton,* the Court said:

> The term reasonable care must be given meaning in relation to the circumstances.... Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury.... The risk involved is that which is foreseeable; a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom it owed a duty is probable. Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. 'The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury.' (citations omitted).

891 S.W.2d at 594. (quoting *Doe v. Linder Const. Co.,* 845 S.W.2d 173, 178 (Tenn.1992)).

■ In her deposition, Mrs. Jones testified as follows:

Q: What did you do after you paid your $5 for the gas?

A: I went back and pumped by gas.

Q: Did you take the same route ...

A: Yes, I did.

Q: Did you look and see whether there was gasoline spilled all over the pavement?

A: I didn't

Q: You did not?

A: It wasn't running any more. I didn't look.

\*    \*    \*    \*    \*    \*

Q: All right. So you walked back out of the shop and you did not look to see where that gasoline had spilled; is that correct?

A: Right.

Q: And you did not look to see how large a spill it had made—

A: Right.

Q:—Even though you had been very concerned about how dangerous it was a few minutes before?

A: Yes.

Appellant contends that the open and obvious rule is no longer the law in Tennessee, citing *Cooperwood v. Kroger Food Stores, Inc.,* No. 02A01–9308–CV–00182, 1994 WL 725217 (Tenn.App.W.S. Dec. 30, 1994). In *Cooperwood,* we held that, following the decisions of the Supreme Court in *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992) and its progeny,

> [W]hen an invitee is injured because of dangers that are obvious, reasonably apparent, or as well known to the injured party as to the owner or operator of the premises, liability, if any, should be determined in accordance with the principles of comparative fault analysis and the general negligence law of this state.

*Cooperwood,* slip op. at 5. The Supreme Court granted permission to appeal in the *Cooperwood* case; however, the case was settled and the appeal dismissed before oral argument. In October 1994, the Supreme Court decided *Eaton v. McLain,* 891 S.W.2d 587 (Tenn.1994), which held that the "open and obvious" rule was still applicable, and a premises owner has no duty to warn an invitee of a danger that is "open and obvious." *Id.* 891 S.W.2d at 595, *see also Shope v. Radio Shack,* No. 03A01–9508–CV–00288, 1995 WL 733885 (Tenn.App.E.S. Dec. 7, 1995).[1]

---

**1.** We disagree with appellant's argument that *Eaton* is not applicable to the instant case. Although *Eaton* dealt with what was formerly known as a social guest, or licensee, and the present case involves an invitee, any distinction between licensees and invitees was abandoned in *Hudson v. Gaitan,* 675 S.W.2d 699, 703 (Tenn. 1984). *Hudson* held that a premises owner owes a duty of reasonable care "to all persons who come upon the defendant's property with his

Under the circumstances presented in this case, we hold that the defendant owed no duty to the plaintiff. Where there is no duty, there is no negligence. *See Doe v. Linder Const. Co., Inc.,* 845 S.W.2d 173, 178 (Tenn. 1992).

The record is clear that Mrs. Jones saw the gasoline which caused her fall. We do not believe that Exxon could or should have foreseen that Mrs. Jones would fall into the very gasoline spill of which she made Exxon aware.[2] The fact that she did fall was a "remote possibility," not a "reasonably foreseeable probability." *Eaton,* 891 S.W.2d at 594. Appellant argues that Exxon had superior knowledge of the dangers associated with a gasoline spill than did Mrs. Jones. Mrs. Jones testified that she knew gasoline was potentially explosive but did not know it was slippery. However, regardless of the fact that Mrs. Jones did not know that gasoline could be slippery, persons using ordinary prudence would not step in gasoline and, knowing that gasoline had been spilled onto the pavement, would have been on the lookout for the spill. *See, e.g. Suddath v. Parks,* 914 S.W.2d 910, 914 (Tenn.App.1995) (holding that it is obvious to persons of ordinary prudence that a bull may butt a human; premises owner had no duty to warn employee of that obvious danger).

The order of the trial court granting defendant's motion for summary judgment is affirmed. Costs of appeal are assessed against the appellants.

HIGHERS and LILLARD, JJ., concur.

---

consent, express or implied." 675 S.W.2d at 702.

**2.** This case does not involve a latent dangerous condition on the premises. In fact, the record shows that Exxon had the concrete area at the Exxon Shop at 186 Danny Thomas pressure washed every week, and that the lot was washed shortly before Mrs. Jones's fall. Additionally, the gas pumps at the store had been altered so that it was not possible to pump gas without manually holding up the trigger handle, unless a customer "jerry-rigs" a device to keep the trigger in place.