IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
_____

WILLIAM H. LANCE, EMMA
LEE LANCE,

      Plaintiffs-Appellants,

Vs.

**LARRY H. STREET d/b/a
STREET CONSTRUCTION,**

      Defendant-Appellee.

**FILED**

**February 8, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Cheatham Circuit No. 4881
C.A. No. 01A01-9802-CV-00072

_____

FROM THE CHEATHAM COUNTY CIRCUIT COURT
THE HONORABLE ALLEN W. WALLACE, JUDGE

Grant C. Glassford;
Stokes & Bartholomew of Nashville
For Plaintiffs-Appellants

Warren M. Smith of Nashville
For Defendant-Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

      This is a premises liability case. Plaintiffs-Appellants, William H. Lance and Emma Lee

Lance, appeal the order of the trial court granting summary judgment to Defendant-Appellee,

Larry H. Street d/b/a Street Construction.

The facts as determined from the pretrial depositions of Lance and Street are basically undisputed. Lance is a real estate agent, and on March 22, 1996, was showing some clients houses in different subdivisions. The clients, while riding through the Tanglewood subdivision indicated interest in a house that was under construction with a "for sale" sign in the yard. The property was owned by Street and was under construction at the time. Lance did not have a listing for this particular property and the "for sale" sign in the yard indicated that the listing agent was Oscar Jones, Jr. Lance and his clients decided to enter the house in order to inspect, although there was no one else present on the property. It is customary for real estate agents to take clients onto property that is under construction, and Lance was familiar with potential dangers at construction sites.

There were no doors installed on the property. The front porch had the foundation around it but was not completed, and it opened into part of the basement of the house. Lance observed a board propped up from the ground to the top of the porch foundation and a second board spanning the area from the foundation to the front doorway. With his clients behind him, Lance ascended the inclined board and after warning his clients to be careful, preliminarily tested the spanning board. Lance could not see how the spanning board was attached, but he put his foot on that board and pressed slightly before he started out with his full weight on it. Assuming it was safe to step on the board, Lance attempted to cross the board whereupon the board slipped causing him to fall eight to ten feet into the basement sustaining serious personal injuries.

At the time of the accident, the house had been roofed, framed, and floored, but it is unclear whether the siding had been completed. Steps had been constructed from the garage into the home, but Lance had not observed the steps and was not aware of their existence until after the accident. Neither Lance nor Street know who placed either of the boards where they were at the time of the accident, but Street testified that it is not unusual for boards to be used during construction for the purpose of entrance to the building. Street utilized several subcontractors for the various jobs during the construction but does not recall the subcontractors working before the accident that particular day.

The complaint alleges that the defendant as the owner placed the subject property on the market on or before March 22, 1996, and that plaintiff, William Lance, a real estate agent, was

2

showing the property to potential buyers at the time of the accident. The complaint alleges that access to the front door of the house was provided by two boards - one providing a ramp to the front porch, and the second spanning the front porch. The complaint avers that defendant, his employees or agents knew or should have known of the dangerous condition, and defendant was negligent in failing to "safeguard" the premises. William Lance avers that he sustained pain and suffering from the injuries, permanent disability, lost earnings and earning capacity, and he incurred extensive medical expenses. Emma Lee Lance sues for loss of consortium and loss of services.

Street's answer denies the material allegations of the complaint and joins issue thereon and further avers that plaintiff's comparative fault exceeds any fault on the part of defendant.

The trial court granted defendant's motion for summary judgment. Plaintiffs have appealed, and the only issue on appeal is whether the trial court erred in granting summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our

3

review of the trial court's grant of summary judgment is *de novo* on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

Lance contends that Street was under an affirmative duty to make sure the premises were safe especially in light of the fact that the house was for sale and that Street wanted people to view the house in order to sell it. Furthermore, Lance asserts that the undisputed facts reveal that it was reasonably foreseeable that he would use the boards to enter the residence in that it was customary in the construction industry to provide access such as this, in that the construction workers used the boards to enter the house, and in that the stairs were not visible from the front of the house. Finally, Lance argues that Street should have foreseen that a person viewing the house would use the boards to gain entrance into the house. Thus, according to Lance, Street was under an obligation to make sure the boards provided safe access into the house.

Street asserts that he did not owe a duty to Lance to guarantee or insure his safety where, by his own admission, Lance was familiar with the potential dangers consistent with houses under construction, he failed to check for other entrances into the house which would have revealed a completed set of stairs leading into the house, he was aware of the danger in walking up the boards in that he told his clients to be careful, he checked the boards to assure himself that they would hold him up, and he was not distracted while walking up the boards. Street contends that to hold that he owed Lance a duty to prevent this particular accident would cast him in the role of an insurer of Lance's safety. Finally, Street asserts that he is entitled to summary judgment in that no reasonable minds could conclude that Lance was less than fifty percent at fault under the circumstances of the case.

In order to bring a successful suit based on a claim of negligence, the plaintiff must establish:

> (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause.

***Bradshaw v. Daniel***, 854 S.W.2d 865, 869 (Tenn. 1993) (citing ***McClenahan v. Cooley***, 806 S.W.2d 767, 774 (Tenn. 1991); ***Lindsey v. Miami Dev. Corp.***, 689 S.W.2d 856, 858 (Tenn. 1985)). Duty, the first element of the claim, is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable

risks of harm. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Whether a defendant owes a duty to a plaintiff in any given situation is a question of law for the court. *Bradshaw*, 854 S.W.2d at 869.

The existence and scope of the duty of the defendant in a particular case rests on all the relevant circumstances, including the foreseeability of harm to the plaintiff and other similarly situated persons. *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 433 (Tenn. 1994).

In cases involving premises liability, the premises owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994). This duty was based upon the assumption that the owner has superior knowledge of any perilous condition that may exist on the property. *Kendall Oil Co. v. Payne*, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (1955).

Traditionally, liability was not imposed on a premises owner by courts of this state for injuries that resulted from defective or dangerous conditions that were "open and obvious." *See McCormick v. Waters*, 594 S.W.2d 385 (Tenn. 1980); *Kendall Oil Co. v. Payne*, 41 Tenn. App. 201, 293 S.W.2d 40 (1955). However, the Supreme Court of Tennessee recently restricted this rule of law in *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn. 1998). The *Coln* Court held:

> That a danger to the plaintiff was "open or obvious" does not, *ispo facto*, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. The factors provided in the Restatement (Second) of Torts, § 343A relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if "open and obvious," outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care. The circumstances of the case are then analyzed under comparative fault.

*Id.* at 43. The *Coln* Court further stated that "summary judgment remains appropriate, for example, where the plaintiff has not produced sufficient evidence to meet the 'duty' component, or any other component of a negligence claim, as a matter of law." *Id.* at 44.

The duty of a premises owner includes the obligation of the owner to maintain the premises in a reasonably safe condition and to remove or warn against latent or hidden dangerous conditions on the premises of which the owner is aware or should be aware through the exercise of reasonable diligence. *Eaton*, 891 S.W.2d at 593-94. The scope of a premises owner's duty

is grounded upon the foreseeability of the risk involved. *Jones v. Exxon Corp.*, 940 S.W.2d 69, 72 (Tenn. App. 1996). Thus, in order to prevail in a premises liability action, the plaintiff must show that the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992).

The condition of the porch and the presence of the boards did not create a foreseeable probability of harm to Lance especially in light of its open and obvious nature. The house where the accident occurred was under construction. The porch was not yet completed, and the boards in question were utilized by construction workers for the purpose of constructing the house. The boards were not there for the purpose of allowing real estate agents or anyone else for that matter, except construction workers, to gain access into the house. Thus, the harm to Lance was not reasonably foreseeable. Street did not invite or expect people, such as Lance, to use the boards to gain entrance into the house. This is evident by the fact that a complete set of stairs had been built in the rear of the house which were readily apparent upon inspection. Furthermore, the only thing Street could have done to prevent the harm was to complete the porch. Finally, it is neither fair nor feasible to impose a duty on Street to place warning signs or to make sure there are no dangerous conditions on a construction site such as this which is by its very nature a dangerous place.

Following the analysis in *Coln*, weighing the foreseeable risk and gravity of harm against the burden placed on the defendant in the process of home construction to engage in alternative conduct, we conclude that the harm was not reasonably foreseeable and that no alternative conduct was required of Street. *Accord Rice v. Sabir*, 979 S.W.2d 305 (Tenn. 1998). Under the circumstances presented in this case, we hold that the defendant owed no duty to the plaintiff. Where there is no duty, there is no negligence. *See Doe v. Linder Contr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). Thus, the trial court correctly granted summary judgment to the defendant.[1]

---

[1] Even if we were to find a duty and the other components of negligence present in this case, the negligence of the plaintiff would, at a minimum, be at least equal to the negligence of the defendant if not greater, thus, precluding recovery on the part of the plaintiff. *See McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992) (A plaintiff whose negligence is less than that of a tortfeasor may recover damages reduced by a percentage of the plaintiff's own negligence.).

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the Appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**