# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JAMES E. SHERLOCK )
)
Plaintiff/Appellant, )            Appeal No.
)            01A01-9807-CV-00346
v. )
)            Rutherford County Circuit
KWIK SAK and )            No. 36997
EMRO MARKETING COMPANY )
)
Defendants/Appellees. )
)

**FILED**

**September 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT
FOR RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW PRESIDING

T. TURNER SNODGRASS
95 WHITE BRIDE ROAD, SUITE 223
NASHVILLE, TENNESSEE 37205

ATTORNEY FOR PLAINTIFF/APPELLANT

M. CLARK SPODEN
BROWN, TODD & HEYBURN
2222 FIRST AMERICAN CENTER
NASHVILLE, TENNESSEE 37238

ATTORNEY FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P. J.
CAIN, J.

# OPINION

In this case, involving injuries sustained in a slip and fall accident in a parking lot, the plaintiff, Mr. James E. Sherlock (hereinafter Plaintiff), appeals the order of the trial court granting summary judgment to the defendants, Kwik Sak and its parent company, Emro Marketing Company (hereinafter Defendants).

I.

At around midnight on July 31, 1995, an employee of Kwik Sak, a convenience store in Smyrna, Tennessee, noticed a puddle of oil in the parking lot. She immediately spread a powdery substance called "oil-dry" on the spot. The spot, when covered with oil-dry, measured approximately two feet in diameter. At approximately 10:00 a.m. the next morning, Plaintiff walked out of the Kwik Sak, stepped off the sidewalk curb on his way to his parked truck, slipped on the oil spot and sustained injury.

Plaintiff sued Defendants, alleging negligent failure to completely remove the oil or warn of the hazard. The trial court granted summary judgment for Defendants based on a finding that Defendants did not owe Plaintiff a duty of care under the standard announced in *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn.1998). The trial court also made an alternative finding that if Defendants owed a duty of care, no breach occurred, because Defendants took the remedial step of deploying the oil-dry.

II.

Summary judgment is appropriate only if the moving party establishes that no genuine issues of material fact remain to be tried and, under the undisputed facts, judgment is required as a matter of law. *See* Tenn.R.Civ.P. 56*; White v. Lawrence*, 975 S.W.2d 525, 528 (Tenn. 1998)(citing *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)). Courts reviewing motions for

summary judgment must consider the evidence in the light most favorable to the nonmovant, draw all reasonable inferences in favor of that party and discard all countervailing evidence. *See White*, 975 S.W.2d at 529. The motion must be denied unless the only conclusion that can reasonably be drawn from the undisputed facts is that the movant is entitled to summary judgment as a matter of law. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Because it is solely a legal question, our determination of whether the requirements of Tenn.R.Civ.P. 56 have been satisfied is *de novo*, and the trial court's determination does not enjoy a presumption of correctness. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn.1997).

III.

To prevail, a party asserting a negligence claim must prove (1) a duty of care owed by the defendant to the plaintiff, (2) conduct falling below the standard of care that amounts to a breach of that duty, (3) an injury or loss, (4) cause in fact, and (5) proximate cause. *See McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). "Duty of care" refers to the defendant's obligation to conform to the reasonable person standard of care for the protection of the plaintiff from unreasonable risks of harm. *See McCall*, 913 S.W.2d at 153. This duty of care must be considered in relation to all the relevant circumstances:

> In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser

degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed.

*McClung*, 937 S.W.2d at 902.

The existence of a duty in a particular situation is a question of law to be decided by the court. *See Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn.1996); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993).

In the context of premises liability, the person in control of the premises has the duty to exercise reasonable, ordinary care under the circumstances to avoid injuring one lawfully on the premises. *See Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. App.1992). This duty requires proprietors to maintain their premises in a reasonably safe condition. Because of their superior knowledge of the premises, owners and possessors of property must exercise reasonable care to make the premises safe. *See McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980); *Jones v. Exxon Corp.*, 940 S.W.2d 69, 71 (Tenn. App. 1996).

If the premises contain a latent or hidden defect or danger, the owner has a duty to either remove that danger or warn customers about it, if the owner knows, or through reasonable diligence should know, about the danger. *See Blair*, 924 S.W.2d at 76; *Eaton v. McLain*, 891 S.W.2d 587, 593-594 (Tenn. 1994). If, on the other hand, the danger is not hidden, but is observable, the owner may owe a duty to customers to take reasonable actions to prevent harm to them if the owner can foresee or anticipate the harm and its potential seriousness.[1] In that situation, a duty on the part of the owner will arise if the

---

[1] In the past, our law did not impose liability on proprietors for injuries caused by defective or dangerous conditions that were "open and obvious." *See Eaton*, 891 S.W.2d at 595; *McCormick*, 594 S.W.2d at 387. However in *Coln v. City of Savannah*, the court held that a plaintiff's recovery is not *per se* barred by a finding that a danger is open and obvious. *See Coln*, 966 S.W.2d at 42.

-4-

foreseeable probability and gravity of the harm posed by the owner's conduct outweigh the burden upon the owner to engage in alternative conduct that would have prevented the harm. *See Coln,* 966 S.W.2d at 43.

To prevail in the face of an open and obvious condition, a plaintiff must prove that the injury received was reasonably foreseeable and that the defendant could have taken an action which more probably than not would have prevented the injury. *See Doe v. Linder Constr. Co.,* 845 S.W.2d 173, 178 (Tenn. 1992).

IV.

At this point in our analysis, we must review the facts. Kwik Sak employees observed the oil spot and spread the oil-dry the night before Mr. Sherlock incurred his injuries as part of their duties related to closing the store. Ten hours later, on a clear day, Mr. Sherlock fell on the spot and sustained injury. The record contains no showing that during the intervening time between spreading the oil-dry and Mr. Sherlock's injury, Defendants attempted to ascertain whether the oil-dry had worked or if the spot was still slick. There is a lack of evidence that the employees undertook additional remedial measures or attempted to warn patrons of the hazard, or to inhibit foot traffic over or around the spot. The employees opening the store the morning of Plaintiff's injury did not check the parking lot or the oil spot.[2] Defendants' operations manual, under "General Safety Guidelines," directs employees to "use oil-dry on oil or fuel spills on the driveway, as soon as possible after they occur." There is no evidence regarding the proper application of oil-dry or whether it was

___

[2] Store policy directs that the lot be inspected each morning and any spills cleaned up. While not a basis for negligence *per se* principles, the policy is relevant when assessing reasonable alternative measures which might have prevented the harm.

properly applied here.

At approximately 10:00 a.m. Plaintiff went into the convenience store to make a purchase. When he left he used the telephone in front of the store. In walking back to his truck, which was parked in the store's parking lot, he stepped off the curb. He then stepped onto a white substance, his feet went out from under him, and he fell. Plaintiff attested that he did not see "the oil spot" until he was in the process of stepping onto it when it was too late to alter his course. He denied knowingly stepping in the oil. One of Defendants's employees, who observed the spot immediately after Plaintiff's injury, stated that she did not see any oil seeping through the oil-dry. She saw oil-dry, which she described as "a light tan powdered substance that we keep on any oil spots that are on the paved or concrete pad in front of our store to keep anyone from slipping in oil."

V.

It is undisputed that Defendants knew about the oil spot. Before they applied the oil-dry, both the spot and its danger were, arguably, open and obvious. The oil-dry, however, may have disguised the spot and/or hidden its dangerous nature.

Whether the oil spot at the time Mr. Sherlock encountered it was a "latent, dangerous" condition or whether it was an "open and obvious" condition whose danger Mr. Sherlock could apprehend,[3] the basic test for determining

_____

[3] Although neither party disputes that *Coln* governs this case, the evidence does not necessarily support the theory that the oil itself, which was the danger, was open and obvious. In *Coln*, the court adopted the approach espoused by the Restatement (Second) of Torts, § 343A, which states as follows:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious

-6-

whether Kwik Sak owed him a duty remains:

As in any negligence action, a risk is unreasonable and gives rise to a duty if the foreseeability and gravity of harm posed by a defendant's conduct, even if open and obvious, outweigh the burden upon the defendant to engage in conduct that would have prevented the harm.

*Coln*, 966 S.W.2d at 46.

It is foreseeable that a customer would walk through the parking lot between his vehicle and the store. It is also foreseeable that a person walking across oil spilled on the parking lot would slip, fall and sustain injuries. KwikSak itself foresaw these possibilities. Therefore, to sustain the trial court's summary judgment of dismissal on the basis that KwikSak had no duty to Plaintiff, the undisputed facts must demonstrate that any other actions by KwikSak which might have prevented Plaintiff's injuries were so burdensome as to outweigh the risk that he would fall on the oil spot and sustain injury.

Based on the record before us, we cannot find that alternative measures to remove the oil or to remove the risk of harm by inhibiting traffic over the spot or by warning of the danger were so burdensome as to relieve KwikSak of its duty. We also cannot agree with the trial court's conclusion that KwikSak did not breach any duty of care which may have existed because it deployed oil-dry. After reviewing the evidence both supporting and opposing the summary judgment, we conclude that

_____

to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Id.* at 41. The court observed that

the word "known" denotes "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves," and the word "obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.

*Id.* (quoting Restatement (Second) of Torts, § 343A (comment b)).

reasonable minds could differ as to whether KwikSak's sole act of applying oil-dry was consistent with its duty of care. Summary judgment should not be granted if any reasonable doubt exists with regard to the conclusions to be drawn from the undisputed facts. *See Chrisman v. Hill Home Dev., Inc.* 978 S.W.2d 535, 538 (Tenn. 1998). Therefore, we reverse the trial court's grant of summary judgment of dismissal.

VI.

Accordingly, the order granting summary judgment to Defendants is reversed. Costs of this appeal are taxed to the appellee. The case is remanded to the trial court for such further proceedings as are necessary, consistent with this opinion.

_____

PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____

BEN H. CANTRELL, PRESIDING JUDGE (M.S)

_____

WILLIAM B. CAIN, JUDGE