IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 5, 2022 Session

## DAVID LYNCH, SR. ET AL. v. BRADLEY E. POE ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 18C2563          Kelvin D. Jones, Judge
_____

### No. M2021-00867-COA-R3-CV
_____

This is a multi-party premises liability and general negligence action among a roofer who fell from the homeowner's roof, the homeowner who erected the scaffolding at issue, and the scaffolding company that rented the scaffolding to the homeowner, but did not erect the scaffolding. The complaint alleged that the roofer slipped and fell on the roof and then bounced over to the scaffolding before falling to the ground. The complaint also alleged that had a safety rail been installed on the scaffolding it could have prevented the roofer's fall. The homeowner filed an answer denying liability and alleging comparative fault against the scaffolding company. Consequently, the roofer filed an amended complaint adding the scaffolding company as a codefendant. After discovery, the scaffolding company filed a motion for summary judgment, alleging that it owed no duty to the roofer or the homeowner because it had no control over the premises nor actual or constructive notice of a dangerous condition on the premises. The roofer and homeowner opposed the motion contending, *inter alia*, that this is a case of general negligence against the scaffolding company because the homeowner relied on the scaffolding company for guidance during the installation process and the scaffolding company assumed the duty of care to ensure the scaffold was installed safely. They also contend that summary judgment was not appropriate because material facts are in dispute. The trial court summarily dismissed all claims against the scaffolding company, and this appeal followed. We find that the material facts are not in dispute and that the scaffolding company was entitled to summary judgment as a matter of law on claims sounding in premises liability and general negligence. Thus, we affirm the summary dismissal of all claims against the scaffolding company.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Owen R. Lipscomb, Brentwood, Tennessee, for the appellant, Bradley E. Poe.

Brian Dunigan, Goodlettsville, Tennessee, for the appellants, David Lynch and Gaila Lynch.

Bruce D. Gill, Darren R. Smith, and Laura E. Bassett, Nashville, Tennessee, for the appellee, Contractors Access Equipment Jackson, Inc.

**OPINION**

### FACTS AND PROCEDURAL HISTORY

Bradley E. Poe ("Mr. Poe") owns a two-story home located at 2509 Belmont Boulevard in Nashville, Tennessee. On July 11, 2017, Mr. Poe hired a roofing contractor, H.E. Parmer Company, Inc., ("H.E. Parmer") to repair/replace the clay tile roof and copper gutter system of his home. Contrary to customary practices, Mr. Poe insisted that he, not Parmer, would be responsible for installing the scaffolding around his house because he was concerned that other scaffold installers may damage the exterior of his house. Therefore, Mr. Poe, not Parmer, was responsible for installing a scaffold system with a workable platform at eave height for use by H.E. Parmer's crew.

To accomplish this, Mr. Poe entered into a separate contract with Contractors Access Equipment Jackson, Inc., a.k.a. Direct Scaffold Services ("DSS") to rent a frame and brace scaffold system. While DSS offered an installation service for an additional cost, Mr. Poe declined that service, choosing to install the scaffold system himself. As Mr. Poe later explained in his deposition, he decided to erect the scaffolding himself because it would be done right, it would be safe, and nothing on his house would get torn up.

According to Mr. Poe, he had worked as a contractor and had experience assembling scaffolding for a "few small projects he had done alone." However, Mr. Poe later admitted that this scaffolding project was more involved than any project he had undertaken. He also admitted that he did not have any safety training on scaffold assembly. As a result, Mr. Poe occasionally called DSS for guidance regarding what certain pieces of the scaffolding were for and where to place them. However, at no point did Mr. Poe request or indicate to DSS that he would like an inspection of the scaffolding he had installed or that he would like to purchase the scaffolding installation service.

DSS Sales Manager, Jeffrey Ferrell, visited the Poe residence on one or two occasions. During one visit, Mr. Ferrell noticed that Mr. Poe had placed the scaffold on a sloped surface using cinder blocks rather than leveling jacks, at which point Mr. Ferrell advised Mr. Poe on using leveling jacks. Mr. Ferrell also stated that he responded to a few questions Mr. Poe asked, but he did not offer installation advice or supervision. Other DSS employees also visited the site but only to deliver additional pieces of scaffolding when

requested by Mr. Poe. Further, DSS insists that its employees never assembled or installed any of the scaffolding at Mr. Poe's residence, and there is no evidence to the contrary.

On November 29, 2017, David Lynch, a roofer working for H.E. Parmer, slipped and fell off of Mr. Poe's roof. According to Mr. Lynch, when he fell he first hit the roof then bounced over the scaffold, landing on the ground where he suffered "catastrophic injuries" as a result. As Mr. Lynch explained, he was unable to grab onto the scaffold to prevent his fall.

Mr. Ferrell reviewed post-accident photos of the portion of the scaffold where Mr. Lynch fell. Upon review of the photos, Mr. Ferrell stated that the scaffold had not been safely built because it should have had guardrail posts at a height of at least 21 to 42 inches, but they were missing.

Mr. Poe blamed H.E. Parmer employees for the missing guardrail posts. As he explained it, after he installed the guardrails, Parmer employees would remove sections of the guardrails in order to use a ladder to access the roof, after which Mr. Poe would have to reinstall those sections.

However, Mr. Ferrell stated that any problem with the guardrail posts were not a result of Mr. Lynch or his co-workers. Instead, Mr. Ferrell was of the opinion that the guardrail posts had never been installed. Even if H.E. Parmer employees had removed sections for access, Mr. Ferrell explained, "there would be no reason to remove all of the posts." As he explained, the post-accident photos showed the sections of guardrail and cross braces that had not been installed were leaning against the base of the scaffolding posts.

Mr. Lynch contends that had there been a guardrail where he fell, he would have been able to grab onto it to prevent his fall. Mr. Ferrell also agreed that the guardrail posts would have stopped the fall. Mr. Lynch did not recall removing any of the guardrail sections in order to use a ladder. For his part, Mr. Poe stated that he did not know whether DSS had knowledge regarding the removed guardrails, and could not recall the last time anyone from DSS had been at the residence prior to the incident.

OHSA subsequently inspected the site and fined H.E. Parmer after it determined that the scaffold was not compliant with OSHA regulations. After Mr. Poe was notified of the OSHA problems, he retained DSS to install the scaffolding to make it compliant with OSHA regulations, which DSS did.

Mr. Lynch and his wife Gaila (collectively "Plaintiffs") brought suit against Mr. Poe alleging that Mr. Poe acted negligently when he installed the scaffolding and that this negligence resulted in his fall. In response, Mr. Poe filed an answer in which he alleged comparative fault against DSS as follows:

Mr. Poe affirmatively asserts that the doctrine and law of comparative fault as adopted in the State of Tennessee applies to the facts of this case. He denies negligence, fault or liability. To the extent the trier of fact concludes to the contrary, Mr. Poe asserts that the fault of Direct Scaffold Services, the entity from who he rented said scaffolding should be compared with that which he is found to have and his liability reduced thereby. Mr. Poe asserts that he relied upon Direct Scaffold Services to provide sufficient materials and guidance for him to erect a scaffold sufficient and proper for the work engaged in by H.E. Parmer Co., and he relied upon it to direct him as to the proper installation and setup of said scaffolding.

Plaintiffs responded by filing an amended complaint to add DSS as a defendant. The amended complaint was largely identical to the original complaint, but included one additional allegation:

To the extent that Defendant Bradley E. Poe meets his burden of proof in establishing this affirmative defense and shows that Defendant Contractors Access Equipment Jackson, Inc. a.k.a. Direct Scaffold Services is at fault, the Plaintiffs assert this fault was a direct and proximate cause of their injuries and damages and asks that judgement be entered against Defendant Contractors Access Equipment Jackson, Inc. a.k.a. Direct Scaffold Services for all general and special damages described in this Amended Complaint. To the extent necessary, this paragraph should be regarded as an alternative pleading for relief against Defendant Contractors Access Equipment Jackson, Inc. a.k.a. Direct Scaffold Services.

DSS filed a timely answer denying any liability to Plaintiffs or Mr. Poe.[1]

Following discovery, DSS filed a motion for summary judgment in which it contended "that Plaintiffs' claims should be dismissed because Plaintiffs' evidence is insufficient to establish that [DSS] owed a duty to Plaintiffs because [DSS] was not in control of the premises upon which Plaintiff David Lynch was injured and furthermore, [DSS] had no actual or constructive knowledge of a dangerous condition on the premises."

In support of their motion, DSS relied upon the statement of material facts filed in support of its motion, the deposition of Plaintiff David Lynch, the deposition of Defendant Bradley Poe, Bradley Poe's responses to DSS's requests for admission, DSS's responses

---

[1] Although it is not a party to this appeal, for completeness we note that Bridgefield Casualty Insurance Company was granted permission to intervene in this matter to recover workers' compensation benefits paid to Mr. Lynch as a result of his work-related injury while an employee of H.E. Parmer.

to Plaintiffs' first request for production, and Bradley Poe's responses to DSS's interrogatories. Plaintiffs and Mr. Poe each filed responses in opposition to the motion.

In pertinent part, DSS asserted that

Plaintiffs' claims should be dismissed because Plaintiffs' evidence is insufficient to establish that [DSS] owed a duty to Plaintiffs because [DSS] was not in control of the premises upon which Plaintiff David Lynch was injured and furthermore, [DSS] had no actual or constructive knowledge of a dangerous condition on the premises.

Plaintiffs and Mr. Poe opposed the motion. For their part, Plaintiffs opposed the motion on the following grounds:

DSS's theory is fundamentally flawed . . . because this is a case of general negligence, not simple premises liability. Specifically, the Plaintiff was injured because scaffolding at the subject work site had been assembled negligently with no guardrail to keep him from falling to the ground. Defendant Bradley Poe assembled the scaffolding, but there is extensive material evidence to show that he relied on DSS for guidance during the assembly process. When DSS undertook to advise Poe about how to build the scaffold, it assumed the duty to exercise reasonable care and ensure the scaffold was assembled safely. There is a question of fact regarding whether DSS breached that duty, and therefore, summary judgment is inappropriate.

For his part, Mr. Poe contended that summary judgment was not appropriate because "there exist disputed facts for a jury to decide whether [DSS] did by its actions assumed a duty of care." Mr. Poe further contended in his response in opposition to the motion:

The disputed facts here prevent the Court from deciding the issue as a matter of law. In this case, [DSS] assumed a duty of care toward Mr. Lynch by assisting Mr. Poe with the selection and installation of various pieces of the scaffolding on the west side of his house where Mr. Lynch fell. [DSS] is being paid. It is paid to rent the scaffold to Mr. Poe. And though Mr. Poe is erecting the scaffolding himself, he indicates in multiple places in his deposition that he relied upon DSS for the placement of scaffolding pieces.

The trial court found that Plaintiffs had alleged a premises liability claim, and that DSS did not owe Plaintiff a duty of care under premises liability, stating:

In determining the true nature of the claims alleged, Tennessee courts focus on the gravamen of a plaintiff's complaint. After a review of the second

amended complaint, this Court finds the circumstances allege a premises liability claim.

.   .   .

In this case, it is undisputed that Mr. Poe is the owner of the Premises where Plaintiff was injured. It is undisputed that Mr. Poe installed the scaffolding on his property. It is undisputed that if Mr. Poe noticed a safety rail missing from the scaffold, he would reinstall them himself. It is further undisputed that DSS did not physically assemble the scaffold on Mr. Poe[s] property prior to Plaintiff's fall on November 29, 2017. This Court finds Mr. Poe cannot present prima facie evidence to show that DSS owed a duty of care to Plaintiff. The Court finds DSS is entitled to summary judgment because there is no evidence DSS that controlled Mr. Poe's property or the scaffolding on the Premises.

When the liability of a premise's owner/operator is predicated upon the negligence of a third party, actual or constructive notice of a dangerous condition is a condition precedent to the imposition of a duty on the owner/operator. It is undisputed that Mr. Poe understood the importance of the horizontal bars being installed at the top of the scaffolding. It is undisputed that Mr. Poe observed employees of H. E. Parmer remove the horizontal safety rail of the scaffold to prop their ladders. As to constructive notice, "Plaintiffs may prove that a premises owner had constructive notice of the presence of dangerous condition by showing a pattern of conduct, a [recurring] incident, or a general or continuing condition indicating the dangerous condition's existence." There is no evidence presented in this case that DSS had actual or constructive knowledge about the removal of guardrails from the scaffolding. Therefore, the Court finds that both Mr. and Mrs. Lynch or Mr. Poe have failed to show that a dangerous condition existed on Mr. Poe's property was either caused or created by DSS, or that DSS had actual or constructive notice that the condition existed prior to Plaintiff fall. Therefore, DSS is entitled to summary judgment because neither Mr. and Mrs. Lynch nor Mr. Poe can prove an essential element of their negligence claim.

(footnotes omitted).

The trial court also ruled that, even if it were to view Plaintiffs' claims as a simple negligence claim, "DSS still did not owe a duty to Plaintiff or Mr. Poe."

This appeal by Plaintiffs and Mr. Poe followed.

## ISSUES

The issue as stated by Plaintiffs reads:

Did the trial court err in granting summary judgment to Defendant Contractors Access Equipment Jackson, Inc., a.k.a. Direct Scaffold Services (DSS), where material evidence shows that Defendant Bradley Poe relied extensively on guidance from DSS when assembling the defective and dangerous scaffolding that caused the Plaintiff s injury?

The issue as stated by Mr. Poe reads:

Did the trial court err in granting summary judgment to Defendant Contractors Access Equipment Jackson, Inc., a.k.a. Direct Scaffold Services (DSS), where there exist disputed material facts from which a jury may decide that DSS by its actions assumed and breached a duty of care to Plaintiff, Mr. Lynch, when DSS undertook to advise Defendant Brad Poe regarding the proper installation of scaffolding at his home, and failed to advise of the need to obtain OSHA certification?

The issue as stated by DSS reads:

Whether the Trial Court properly granted Defendant Contractors Access Equipment Jackson, Inc., a.k.a. Direct Scaffold Services' ("DSS") Motion for Summary Judgment where there are no material facts in dispute and the Trial Court found that DSS did not owe a duty to Plaintiffs or Co-Defendant Bradley Poe because DSS had no control over the premises, DSS had no actual or constructive notice of a dangerous condition on the premises, DSS did not contract with Co-Defendant Bradley Poe to construct an OSHA-compliant scaffolding until after Plaintiff Mr. Lynch's injury, and Mr. Poe did not otherwise rely upon DSS to construct the scaffolding on Co-Defendant Bradley Poe's property.

## STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we accept the evidence presented by the nonmoving party as true, consider the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. R.R. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court explained in *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d at 264:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye*, *MPLLC*, 477 S.W.3d at 264. However, "if the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

To survive a properly supported motion for summary judgment pursuant to Rule 56, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond and set forth specific facts by affidavits—or one of the other means provided in Tennessee Rule of Civil Procedure 56—establishing that there is a genuine issue for trial. *Rye*, 477 S.W.3d at 265 (alteration in original) (quoting Tenn. R. Civ. P. 56.06). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense— at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'"[2] *TWB Architects*, 578 S.W.3d at 889 (alteration in original) (quoting *Rye*, 477 S.W.3d at 265).

"The determination of whether a duty exists in the context of a negligence claim is a question of law." *Draper v. Westerfield*, 181 S.W.3d 283, 291 (Tenn. 2005). Similarly, "the question of whether one has assumed a duty to act is also a question of law." *Stewart v. State*, 33 S.W.3d 785, 793 (Tenn. 2000).

---

[2] As the Supreme Court explained in *TWB Architects, Inc. v. Braxton, LLC*, "[t]his is the standard Tennessee courts must apply when ruling on summary judgment motions regardless of which party bears the burden of proof at trial." 578 S.W.3d at 889.

ANALYSIS

As discussed earlier, two claims and two issues were presented to the trial court. One, whether DSS was entitled to summary judgment under premises liability principles. And, two, whether DSS assumed a duty of care under general negligence principles. The trial court found that DSS was entitled to summary judgment under both principles. Plaintiff and Mr. Poe contend that both of these decisions were in error. Thus, we will discuss each in turn.

## I. PREMISES LIABILITY

In order to maintain a claim for premises liability, a plaintiff must present prima facie evidence of the customary elements of negligence. The elements include "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." *Jones v. Exxon Corp.*, 940 S.W. 2d 69, 71 (Tenn. Ct. App. 1996) (citations omitted).

In addition to the customary elements of negligence, a plaintiff seeking to hold an owner or operator of property liable in a premises liability action must first prove that a "dangerous or defective condition" existed on the owner's premises. *Nee v. Big Creek Banners*, 106 S.W.3d 650, 653–54 (Tenn. Ct. App. 2002). "If no dangerous or defective condition exists, an owner or occupier cannot be held liable for failing to take action in order to remedy the supposed condition." *Id.* at 654. Furthermore, a plaintiff must also prove that "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

In this case, it is undisputed that DSS did not own or operate the property. Further, DSS did not control any portion of the premises where the accident occurred. Thus, the requisite ownership and control elements of a premises liability claim are missing. *See Nee*, 106 S.W.3d at 653–54. Moreover, there is no evidence that DSS had actual or constructive notice that the horizontal bars or safety rails at the top of the scaffolding had not been installed correctly or that they were missing. Thus, neither Plaintiffs nor Mr. Poe are able to prove an essential element of a premises liability claim against DSS. *See id.*; *see also Blair*, 130 S.W.3d at 764. Accordingly, we affirm the grant of summary judgment on this basis.

This brings us to the question of whether DSS is entitled to summary judgment based on general negligence principles.

## II. GENERAL NEGLIGENCE: ASSUMPTION OF DUTY

"To prevail on a claim of negligence, the plaintiff must prove by a preponderance of the evidence the five essential elements of a claim of negligence: '(1) a duty of care owed by the defendant to the plaintiff; (2) conduct failing below the applicable standard of care amounting to a breach of that duty; (3) an injury of loss; (4) causation in fact; and (5) proximate, or legal, cause.'" *Parsons v. Wilson Cnty.*, No. M2014-00521-COA-R3-CV, 2015 WL 5178601, at \*5 (Sep. 3, 2015) (quoting *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013); *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008)).

Generally, the duty owed by a defendant "is in all cases that of reasonable care under all of the circumstances." *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). Thus, when determining whether a defendant owes a duty to protect a third party from harm, a court must consider the specific injuries suffered by that third party and whether those injuries, and the manner in which those injuries occurred, were reasonably foreseeable. *Biscan v. Brown*, 160 S.W.3d 462, 479 (Tenn. 2005). Such a duty to third parties will only attach, however, if a defendant first undertakes "to render services to another which he should recognize as necessary for the protection of a third person or his things" and:

> (a) [Defendant's] failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Id.* at 483 (citing Restatement (Second) of Torts §324A).

Plaintiffs and Mr. Poe argue that DSS gratuitously undertook the duty to ensure that Mr. Poe installed the scaffolding correctly. As such, they contend "DSS' duty to Mr. Lynch could arguably arise from either of the three listed [*Biscan*] criteria." We respectfully disagree.

Our Supreme Court has explained that implication of the circumstances outlined in *Biscan* first requires that a defendant actually undertakes to render services to another. In this regard, section 324A of the relevant Restatement specifies that "a duty can only be imposed 'to the extent **actually assumed** by the defendant.'" *Grogan v. Uggla*, 535 S.W.3d 864, 874 (Tenn. 2017) (emphasis added). Thus, in order to find that DSS owed a duty to Mr. Lynch or Mr. Poe, we must first determine whether DSS actually assumed the duty to supervise the installation of the scaffolding.

Here, the undisputed facts demonstrate that DSS never undertook to install or supervise the installation of the scaffolding at Mr. Poe's residence. First, and significantly, it is undisputed that DSS offered a scaffolding installation service for an additional fee, but that Mr. Poe declined the service out of fear that DSS might damage the home and believing that he had the skill and experience to do it himself. Thus, it is undisputed that Mr. Poe

assumed the responsibility to install the scaffolding himself.

It is also undisputed that no DSS employee physically installed any of the scaffolding on Mr. Poe's property prior to Mr. Lynch's fall. Moreover, it is undisputed that any questions Mr. Poe asked DSS were limited to questions about what specific parts were for and where they should go, rather than questions about the proper means by which to install the entire scaffolding system. Further, the only advice Mr. Ferrell provided was when he noticed that Mr. Poe had used cinder blocks instead of leveling jacks to level the base of the scaffold on a sloped surface. More importantly and significantly, Mr. Poe admitted that he never requested or received any advice from any DSS employee, including Mr. Ferrell, about the correct installation of the guardrail bars that would have allegedly prevented Mr. Lynch's fall.

Viewing these facts in the light most favorable to Plaintiffs and Mr. Poe, the undisputed facts show that DSS never gratuitously undertook a duty to install or to supervise the installation of the scaffolding or to ensure that the missing guardrail bars were properly installed. For these reasons, we affirm the trial court's determination that the undisputed facts show that DSS did not owe a duty to Mr. Lynch as a matter of law. As such, we affirm the trial court's decision to grant DSS's motion for summary judgment based on general negligence principles.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Bradley E. Poe, David Lynch, and Gaila Lynch.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 11 -