**Beverly J. JOHNSON,**
**Plaintiff-Appellant,**

v.

**Roy T. SMITH, Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

June 17, 1981.

Permission to Appeal Denied by Supreme
Court Aug. 31, 1981.

Lewis K. Garrison, Walter J. Lee, Jr., Memphis, for plaintiff-appellant.

Clifford D. Pierce, Jr., City Atty., Memphis, Charles V. Holmes, Sr. Asst. City Atty., for defendant-appellee.

JOE G. RILEY, Jr., Special Judge.

## CASE HISTORY

The complaint in this case alleges that the plaintiff suffered personal injuries and property damages in an automobile accident. There are no allegations in the complaint that defendant's vehicle was owned by the Memphis Police Department and no allegations that defendant was on duty at the time of the accident. The city was not named as a party defendant. The complaint sought $15,000.00 "for damages actual, compensatory, and punitive."

Defendant filed a motion for summary judgment accompanied by his affidavit. The affidavit of defendant alleges that at the time of the accident he was a patrolman with the Memphis Police Department responding to a call. The affidavit further alleges he was acting within the scope of his employment with the department and was driving a vehicle owned by the department. Accordingly, the motion asserted that the defendant was not a proper party to this action pursuant to TCA 29–20–310(b).[1] No counter-affidavits were filed by plaintiff. The trial court granted defendant's motion and plaintiff duly perfected this appeal.

## ISSUES

The only issues raised by plaintiff in this appeal are whether TCA 29–20–310(b) applies to these facts and, if so, whether summary judgment is appropriate. The specific issue is whether a governmental employee is immune from a suit seeking compensatory and punitive damages under $50,000.00 if the suit arises from his operation of a motor vehicle within the scope of his employment.

## STATUTORY INTERPRETATION

Unless there are specific statutory restrictions, a municipal employee is personally liable for damages caused by his negligence. 62 C.J.S. *Municipal Corporations* § 545b(2)(e). Prior to the adoption of TCA 29–20–310(b)[2], governmental employees were personally liable for their torts even though such employee at the time was carrying out the business of the governmental employer. *City of Memphis v. Bettis*, 512 S.W.2d 270 (Tenn.1974).

TCA 29–20–310(b) provides as follows:

No claim may be brought against an employee or judgment entered against an employee for damages for which the governmental entity is liable under this chapter unless the amount of damages sought or judgment entered exceeds the mini-

---

1. This section was formerly TCA 23–3322. It is a part of the Tennessee Governmental Tort Liability Act.

2. This section along with the original Tennessee Governmental Tort Liability Act was enacted in 1973.

mum limits set out in § 29–20–404[3] or the amount of insurance coverage actually carried by the governmental entity, whichever is greater, and the governmental entity is also made a party defendant to the action. (emphasis added)

The apparent intent of the legislature is to restrict the personal liability of governmental employees if the governmental entity itself is liable and then only to the extent of the entity's limit of liability by statute or insurance coverage, whichever is greater. Accordingly, an injured party would be entitled to a full monetary recovery from the entity up to its limits and then from the employee for any surplus.

TCA 29–20–202[4] specifically places liability upon governmental entities for injuries to a third person resulting from the negligent operation of a motor vehicle by an employee while within the scope of his employment. Construing TCA 29–20–202, 29–20–310 and 29–20–403 together, it would appear that the legislative intent is to hold the governmental entity liable for compensatory damages up to $50,000.00[5] and to bar any action for compensatory damages against the employee up to $50,000.00[6]. If the action exceeds $50,000.00[7], then suit could be brought against both the entity and the employee with the entity liable for the first $50,000.00[8] compensatory damages and the employee liable for any excess.

## COMPENSATORY DAMAGES

The complaint sues for the amount of $15,000.00 damages. Defendant's motion for summary judgment as supported by his affidavit alleges that he was driving a police vehicle within the scope of his employment at the time of the accident. These facts make the city liable pursuant to TCA 29–20–202. Furthermore, since the city is liable for compensatory damages and the amount sued for does not exceed its minimum limit of $50,000.00, the claim for compensatory damages against the employee is barred pursuant to TCA 29–20–310(b).

## PUNITIVE DAMAGES

The complaint sues the defendant for $15,000.00 "for damages actual, compensatory and punitive." Under the Tennessee Governmental Tort Liability Act, punitive damages are not recoverable from either the governmental entity or the employee in an action arising from the negligence of the employee. *Tipton County Board of Education v. Dennis*, 561 S.W.2d 148 (Tenn.1978).

## SUMMARY JUDGMENT

Plaintiff alleges that there are no allegations in the complaint as to the defendant operating the vehicle within the scope of his employment as a city policeman and that summary judgment was, therefore, premature. A motion for summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56.03, Tennessee Rules of Civil Procedure. Defendant's affidavit sets forth facts sufficient to make the city liable under the Governmental Tort Liability Act for compensatory damages and bar any suit against the defendant individually for compensatory damages. Furthermore, the employee is not liable for punitive damages under *Dennis*. Plaintiff filed nothing to dispute these sworn allegations other than an unsworn response signed by counsel which stated that the pertinent allegations in defendant's affidavit were neither admitted nor denied. Disputes as to material facts must be evidenced by affidavits or other sworn evi-

3. This statutory reference is an obvious typographical error. The reference should be to 29–20–403 since this section sets out the limits of liability. For purposes of this action the applicable limit of liability set forth in TCA 29–20–403 is $50,000.00.

4. This section was formerly TCA 23–3308.

5. Or the amount of insurance coverage, whichever is greater.

6. See footnote 5.

7. See footnote 5.

8. See footnote 5.

dence and not merely by unsworn generalized assertions in pleadings. Rule 56.05, Tennessee Rule of Civil Procedure; *Wachovia Bank & Trust Co., N. A. v. Glass,* 575 S.W.2d 950 (Tenn.App.1978). Since there were no genuine issues as to material facts, summary judgment was proper.

## CONCLUSION

The judgment of the trial court is affirmed with costs to be taxed to appellant.