Mrs. John COBURN, Individually and
as widow of John Coburn,
Plaintiff/Appellee,

v.

CITY OF DYERSBURG and Dyersburg
Electric System,
Defendants/Appellants.

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 29, 1989.

Application for Permission to Appeal
Denied by Supreme Court
June 26, 1989.

James O. Lockard, Memphis, for plaintiff/appellee.

Fred Collins of Flippin, Collins, Huey & Webb, Milan, and Larry L. Cash of Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, for defendants/appellants.

TOMLIN, Presiding Judge (Western Section).

This is an appeal by permission pursuant to Rule 9, T.R.A.P., from an order of the Circuit Court of Dyer County denying the motion of defendants Dyersburg Electric System (DES) and the City of Dyersburg (City) for partial summary judgment. Through their motion, defendants sought to limit their liability to plaintiff in an action brought pursuant to the Governmental Tort Liability Act (GTLA). The sole issue on appeal is whether the trial court erred in denying the defendants' motion for partial summary judgment. We hold it did and reverse.

While working as a member of a construction crew for Forcum–Lannom Construction Company, plaintiff's decedent was electrocuted when a piece of equipment he was holding came in contact with some recently-energized power lines. Plaintiff contends the lines were installed and maintained by DES, asserted to be a separate board created by City. The accident resulting in the death of plaintiff's

decedent occurred on June 25, 1985. Plaintiff's complaint alleged her decedent's injuries and death were proximately caused by the defendants' negligence. She sued for $1 million compensatory damages and $2 million punitive damages.

DES and City filed separate answers. Subsequently they filed a joint motion for partial summary judgment, alleging under the law of this state they could not be held liable to plaintiff for punitive damages. Since the record reflects no disposition of the motion, that issue is not before us. DES and City joined in another joint motion for partial summary judgment asserting in accordance with the provisions of T.C.A. §§ 29–20–403 and 404 they were not liable to plaintiff for any judgment in excess of the statutory limit of $40,000 per person. The trial court denied this motion and granted defendants' application for permission to appeal to this Court pursuant to Rule 9, T.R.A.P.

DES had purchased from Distributors Insurance Company a general liability insurance policy containing liability limits of $1 million per occurrence. The policy period was November 1, 1984 to November 1, 1986. This policy was in effect when plaintiff's decedent was killed on June 26, 1985.

At the time the policy was issued, T.C.A. § 29–20–404, a part of the GTLA, read as follows:

> Insurer to waive sovereign immunity defense.—Every contract or policy of insurance purchased under the terms of this chapter shall include a provision or indorsement by which the insurer agrees not to assert the defense of sovereign immunity and to pay all sums for which it would otherwise be liable under its contract or policy of insurance.

In 1985, the General Assembly substantially rewrote § 29–20–404. The new section, effective May 6, 1985, reads as follows:

> **Waiver of immunity or liability limits— Liabilities arising under federal law.—** (a) A governmental entity or the insurer of such governmental entity shall not be held liable for any claim arising under state law for which the governmental entity has immunity under the provisions of this chapter unless the governmental entity has expressly waived such immunity. *A governmental entity or the insurer of such governmental entity shall not be held liable for any judgment in excess of the limits of liability set forth in § 29–20–403, unless the governmental entity has expressly waived such limits. The waiver of such immunity or such limits of liability by a governmental entity shall only be valid if such waiver is expressly contained in the provisions or endorsement of a policy or contract of insurance authorized by this chapter to cover its liability under this chapter.*
>
> (b) The provisions of this chapter shall not be construed to prohibit or limit a governmental entity from purchasing a policy or contract of insurance in such amounts of coverage as it deems proper for liabilities which may arise under federal law. *If a governmental entity has such policy or contract of insurance for liabilities which may arise under federal law, such policy or contract of insurance shall not be construed or deemed a waiver of any immunity provided in this chapter or of the limits of liability set forth in § 29–20–403, for any claims arising under state law.* (emphasis added)

Insofar as its applicability to the case under consideration, T.C.A. § 29–20–403 establishes a liability limit of $40,000 on plaintiff's claim, unless otherwise waived.

## I. GTLA AND ITS EFFECT.

Prior to enactment of the Governmental Tort Liability Act, a governmental entity could be held liable for torts committed in what was called its "proprietary capacity," but could not be held liable for torts committed in its governmental capacity. *Williams v. Town of Morristown*, 32 Tenn. App. 274, 222 S.W.2d 607 (1949). The passage of the GTLA gave governmental entities absolute immunity from suit, doing away with the distinction between "governmental" and "proprietary" functions. However, the Act carved out certain specified exceptions to the grant of absolute

immunity. *Fretwell v. Chaffin*, 652 S.W.2d 755, 756 (Tenn.1983).

Defendants contend that plaintiff's right of action is granted solely by the GTLA. Accordingly, they maintain her claim must be prosecuted in strict compliance with the Act and is subject to its limitations. One of those limitations governs the amount of damages recoverable by plaintiff. Defendants contend further that plaintiff's rights are controlled by the Act in effect when her cause of action arose. We agree.

DES' insurance policy with its insurer provided in pertinent part as follows:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

It must be kept in mind that plaintiff had no cause of action until the accident and ensuing death of her husband occurred on June 25, 1985. As of that date, § 29–20–404 had established a monetary limit on what a plaintiff might recover against a governmental entity under the Act unless the governmental entity had expressly waived that limit. The statute provided that such a waiver shall be valid only if it is expressly contained in the policy itself or a subsequent endorsement thereto. Plaintiff concedes that there was no express waiver of the limits of liability set forth in § 29–20–403 as required by § 29–20–404.

## II. PLAINTIFF'S CONTENTIONS.

Plaintiff advocates several theories in support of her contention that defendants' exposure insofar as liability is concerned is the full amount of insurance coverage provided. She asserts that insurance policy provisions waiving the insurer's defense of sovereign immunity have been interpreted by our courts to effectuate a waiver by the governmental entity of its liability up to the full amount of its insurance coverage. *See Johnson v. Smith*, 621 S.W.2d 570, 572 (Tenn.App.1981). *Johnson* was decided under prior law, and in our opinion, the GTLA would be interpreted differently had the 1985 amendment to § 29–20–404 been in place. T.C.A. § 29–20–201(c) provides "When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter." This obviously means the terms and provisions of the GTLA in effect at the time the cause of action arose.

In addition, without citing any supporting authority, plaintiff contends that as a citizen of the City of Dyersburg, she, in essence, is a third-party beneficiary of the insurance policy then existing between DES and its carrier. This contention is without merit. Clearly, plaintiff is not an intended beneficiary of the insurance contract between DES and the insurer. The parties to a contract must intend the object or purpose of the contract to be for the direct benefit of the third party for any third-party beneficiary relationship to be created. *TVA v. Exxon Nuclear Co.*, 753 F.2d 493, 498 (6th Cir.1985). A contract entered into by a governmental entity requires a showing that the contract was intended by the parties to confer a direct obligation to identifiable third-party entities. Every contract into which a governmental entity enters is made for the benefit of all its citizens. Only when such a contract manifests a specific intent to grant individual citizens enforceable rights thereunder may a citizen claim such rights as a third-party beneficiary. *See Berberich v. United States*, 5 Cl.Ct. 652, 656 (1984), *aff'd*, 770 F.2d 179 (Fed.Cir.1985). Plaintiff has made no such showing. She is merely an incidental beneficiary and has no right to assert remedies properly reserved for parties to the insurance contract.

Finally, plaintiff contends that when T.C.A. §§ 29–20–403 and 404 are read in conjunction with § 29–20–311 defendants' liability is extended beyond the minimum limits set forth in § 29–20–403, up to and including the total amount of coverage provided by its insurance policy. We do not so interpret these code sections. Section 29–20–311 provides as follows:

**Judgment over limits of insurance policy prohibited.—**No judgment or award rendered against a governmental entity

may exceed the minimum amounts of insurance coverage for death, bodily injury and property damage liability specified in § 29–20–403, unless such governmental entity has secured insurance coverage in excess of said minimum requirements, in which event the judgment or award may not exceed the applicable limits provided in the insurance policy.

The logical and reasonable reading of these three Code sections seems to us to be as follows: For the bodily injury or death of any one person in any one accident, § 29–20–403 establishes minimum limits of not less than $40,000; a judgment rendered against a governmental entity may not exceed the minimum amounts of insurance coverage specified in § 29–20–403 unless the insurance coverage is in excess of the minimum requirements; and finally, the governmental entity or its insurer will not be held liable for any judgment in excess of the § 29–20–403 limits of liability unless it has waived those limits in accordance with the provisions of § 29–20–404. As noted, no such waiver was made.

For the reasons stated, the judgment of the trial court overruling defendants' motion for partial summary judgment is reversed. Defendants' motion for partial summary judgment seeking to have their liability for any judgment limited in accordance with the provisions of T.C.A. §§ 29–20–403 and 29–20–404 to $40,000 per person and $80,000 per occurrence is granted. This cause is remanded to the Circuit Court for Dyer County for further proceedings in keeping with this opinion. Costs on appeal are taxed to plaintiff, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.