IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2001 Session

## BOBBY J. EVERETT, ET AL. v. B. GORDON McCALL, M.D.

**Appeal from the Circuit Court for Blount County**
**No. L-11466      W. Dale Young, Judge**

_____FILED APRIL 3, 2001_____

**No. E2000-02012-COA-R3-CV**

_____

The complaint in this medical malpractice case was dismissed on motion for summary judgment. The plaintiff filed a Rule 56.07 Response to the motion, requesting additional time within which to take the defendant's deposition for the purpose, *inter alia*, of ascertaining his thought processes during the 27-day period he treated the plaintiff for a gastroenterological condition which ended in her death. The request for additional time was denied, and the motion for summary judgment was granted because the affidavit of the defendant was not countervailed. The judgment is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Donna Keene Holt and David E. Waite, Knoxville, Tennessee and Rebecca C. McCoy, Sevierville, Tennessee, for the appellant, Bobby J. Everett, Individually and as Executor of the Estate of Edith Mae Everett.

Wynne C. Hall, Knoxville, Tennessee, for the appellee, B. Gordon McCall, M. D.

**OPINION**

**I.**

This is a medical malpractice case. The complaint was filed May 1, 1998,[1] the thrust of which was directed to the alleged failure of the defendant to perform, or have performed, appropriated diagnostic testing of the plaintiff's decedent in accordance with acceptable medical standards.

---

[1] The complaint was initially filed April 1, 1997 and non-suited one month later.

## The Complaint

The plaintiff alleged that the decedent, Ms. Everett, consulted the defendant on March 5, 1996 complaining of a gastroenterological condition. Following a five-day hospitalization, she was discharged on March 10, 1996. The symptoms persisted and a barium enema, administered on an outpatient basis on March 15, 1996 indicated a severe abnormality of the colon. The decedent was readmitted on March 21, 1996 for a colonoscopy which revealed a severe ulceration of the mucosa of the colon. Colostomy procedures were performed but Ms. Everett died April 2, 1996 from complications attributable to blood loss.

The specific allegations charge the defendant failed to (1) timely diagnose the condition of the decedent, (2) timely treat her condition, and (3) timely consult a specialist.

## II. The Answer

The defendant denied all allegations of negligence, and averred that other physicians examined or treated the decedent during her illness. The answer was filed January 8, 1999.[2]

## III. The Motion for Summary Judgment

Interrogatories were exchanged,[3] and the case lay fallow until February 8, 2000 when the defendant filed a motion for summary judgment supported by his affidavit, medical records, and a statement of undisputed material facts. He deposed that he saw the decedent in his office on March 5, 1996 when she complained of cramping, abdominal pain and diarrhea. She was dehydrated, unable to eat, and was admitted to a hospital for treatment.

Her condition did not improve. An x-ray series on March 5, 1996 revealed no abnormalities. A sonogram of the pelvis on March 9, 1996, performed by a radiologist, revealed no abnormality. A later x-ray study revealed no obstruction.

The defendant further deposed that he recommended a colonoscopy, a sigmoidoscopy, or a barium enema study, which the decedent refused. She requested that she be allowed to leave the hospital, and was discharged on March 10, 1996 with the understanding that if her symptoms persisted, she would return to have the tests performed.

Thereafter, on March 15, 1996 the decedent consented to a barium enema when her symptoms persisted. This procedure revealed a severe abnormality of the colon. A colonoscopy was recommended which the decedent refused.

---

[2] There was a delay of several months in serving process.

[3] The plaintiff's answers to interrogatories were unsworn and thus cannot be noticed except as allegations. *Johnson v. Smith*, 621 S.W.2d 570 (Tenn. App. 1981).

On March 21, 1996, the defendant was readmitted to the hospital and consented to a colonoscopy, which was performed by Dr. Richard Cline, a gastroenterologist, on March 23, 1996.

On March 26, 1996, the decedent began to experience a rectal hemorrhage. Dr. Marvin Peterson performed surgery but the decedent's condition worsened and she died April 2, 1996.

The defendant deposed that his consultation, diagnosis, care and treatment of the decedent was in no way the cause of or a contributing factor to her illness and that he did not deviate from acceptable standards of care.

## IV.

The plaintiff filed a Rule 56.07 Response to the motion for summary judgment on March 6, 2000 requesting "that any hearing or requirement of response by the plaintiff be continued so that discovery can be conducted in this case." The Response stated that "any expert witness the plaintiff(s) may consult would not be expected to give an expert opinion for the trial of this action without having considered all facts that are to be assumed as a basis for that opinion," and that "the deposition of Dr. McCall must be completed and available to expert review before the plaintiff can produce a responsive affidavit to defendants' motion." The Rule 56.07 Response was supported by the affidavit of counsel.

## V.

A hearing on the motion was held March 17, 2000. Following an extended colloquy, the motion for summary judgment was granted because the plaintiff filed no countervailing affidavit.[4]

To refocus the time element, the motion for summary judgment was filed February 8, 2000; the Rule 56.07 Response was filed March 6, 2000; the Motion was heard March 17, 2000.

## VI.

---

[4] The plaintiff filed a Rule 59 Motion to Alter or Amend, accompanied by three affidavits of family members that the defendant made no recommendations for treatment to the decedent which were refused, and the affidavit of a Professor of Medicine at the University of Arkansas that the defendant deviated from the recognized standard of care by failing to make the diagnostic tests timely, "assuming that the lay affidavits were truthful." These affidavits were filed 13 days after judgment was rendered on the motion for summary judgment.

The lay affidavits were obviously available at any time, but the imperative need for them did not arise until the motion for summary judgment was filed. These affidavits, standing alone, would not countervail the affidavit of the defendant. In light of the late filing of the motion for summary judgment, and the Rule 56.07 Response, the defense of lack of diligence on the part of the plaintiff is not apropos.

The Rule 59 Motion was denied, the propriety of which we do not reach in light of the reversal of this case on another ground.

We restate the dispositive issue:

> Should the trial judge have granted the plaintiff's request for additional time within which to take the defendant's discovery deposition?

## VII.

We conclude the issue must be answered in the affirmative following the rationale of *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), which teaches that after a moving party has established the absence of a genuine issue of material fact, "summary judgment is appropriate when the nonmoving party after being given a reasonable opportunity to establish its claims, *or after a sufficient time for discovery has elapsed*, is unable to demonstrate that he or she can indeed do so."

The plaintiff is taken to task, not only by the defendant, but by the trial judge, for his failure to discover the defendant during the two, perhaps three, years of the pendency of the action. We reflect that the plaintiff was not required to take any action other than normal trial preparation until the motion for summary judgment was filed, when the requirement of *Bryd, supra,* that the plaintiff *must be given a sufficient time for discovery* was triggered. It cannot be seriously argued that in light of the fact that the motion for summary judgment was filed February 8, 2000,[5] and heard March 17, 2000, the plaintiff was given a "sufficient time for discovery."

## VIII.

Rule 56.07 provides:

> **When Affidavits Are Unavailable**
> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Rule, *prima facie*, involves the reviewable discretion of the trial judge, *see: Benton v. Snyder*, 825 S.W.2d 409 (Tenn. 1990), which he exercised in denying the plaintiff a continuance in order to take discovery of the defendant. Appellate review involves no presumption of correctness, since the issue is one of law, Rule 13(d), Tenn. R. App. P., and the standard of review is to determine if the trial judge abused his discretion in not affording the plaintiff the opportunity to conduct discovery of the defendant. By virtue of the holding in *Byrd*, *supra*, which we have quoted, we conclude that the trial court erred in denying the plaintiff additional time within which to conduct

---

[5] It could have been filed as early as May 31, 1998, Rule 56.01.

discovery of the defendant.

The judgment is accordingly reversed and the case is remanded for all appropriate purposes.

Costs are assessed to the appellee..

_____
WILLIAM H. INMAN, SENIOR JUDGE