IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2003 Session

## JUDY LONGMIRE, ET UX, v. THE KROGER COMPANY, D/B/A KROGER STORE NO. 581, ET AL.

**Direct Appeal from the Circuit Court for Knox County**
**No. 364399     Hon. Wheeler A. Rosenbalm, Circuit Judge**

**FILED NOVEMBER 5, 2003**

**No. E2002-03119-COA-R3-CV**

---

In this action for damages for injuries suffered when plaintiff fell on defendant's premises, the Trial Court granted defendant summary judgment. On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

James T. Shea, IV, Knoxville, Tennessee, for Appellants.

Archie R. Carpenter, Knoxville, Tennessee, for Appellee.

**OPINION**

In this action for damages for injuries resulting to plaintiff when she fell in defendant's grocery store, the Trial Court granted defendant summary judgment. Plaintiff has appealed.

The record establishes that plaintiff fell in a puddle of Windex spilled in the cleaning products aisle, as she reached for furniture polish she wished to purchase. After the accident, her clothes and the coupons she was holding were wet. Another customer saw the accident, helped her to her feet, and assisted her to the service counter. The unidentified witness left the store and has not been located.

Viewing the facts in the light most favorable to plaintiff, after her fall, she went to the service desk with the aid of another customer. Janice Nelson, the employee of defendant who was working the service desk at the time of the accident, summoned Matt Headrick, the assistant

store manager. In her deposition, plaintiff testified that Janice Nelson told Matt Headrick in her presence that Plaintiff had fallen in Windex. Plaintiff could not say how Ms. Nelson knew this. In response to defendant's motion for summary judgment, plaintiff filed an Affidavit which stated that "immediately upon being notified of the accident, Janice indicated that the substance was Windex", and later so informed Matt Headrick. The Affidavit states that Ms. Nelson told Matt that "one of the boys" had told her the substance was Windex, and that no other discussions occurred with employees about the nature of the substance on the floor in Plaintiff's presence.

Janice Nelson testified she was working on the customer service desk but she had no independent recollection of the plaintiff. She does remember that somebody came and told her about the accident. Her statement written on the date of the accident states that she went to the site and saw the Windex, but during the deposition she could not independently recall this. She does not recall the person who told her about the accident, nor whether she was told before or after plaintiff's accident about the Windex. She further testified that she did not call management about the spilled Windex prior to Plaintiff's fall.

Assistant store manager Matt Headrick testified he was paged by Janice Nelson about the accident. He went back to the site of the spill, and was fairly certain that Plaintiff accompanied him, where he found an empty bottle of Windex lying open on the shelf with the cap nearby and the liquid on the floor. The bottle was not in the usual area for Windex. It was found a few feet down among the laundry detergent products. After questioning all employees who might have been in or near the area, he concluded that it could not be determined how the spill occurred. He further testified that no employee is specifically assigned to inspect the aisles and the floors, but all employees are individually responsible for spotting and correcting hazardous conditions. He stated that the entire store is swept early every day in the early morning, and then throughout the day as needed and as conditions and business require.

Plaintiff insists on appeal that defendant was not entitled to summary judgment on either of their theories of actual notice or constructive notice.

The standards governing our review of a motion for summary judgment are well settled. Summary judgment review involves a question of law, and no presumption of correctness attaches to the lower court's judgment. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993). The standard commonly associated with a motion for directed verdict made at the close of the plaintiff's proof is applicable to a motion for summary judgment. *Gray v. Amos*, 869 S.W.2d 925, 926 (Tenn. Ct. App.1993). If any doubt or uncertainty exists with respect to the facts or the conclusions to be drawn from the facts, the summary judgment must be denied. *Carvell v. Bottoms*, 900 S.W.2d, 23-26 (Tenn. 1995).

Owners and occupiers of business premises have a duty to exercise reasonable care to protect their customers from unreasonable risks of harm, which requires maintaining the property in a reasonably safe condition. *Rice v. Sabir,* 979 S.W.2d 305, 308 (Tenn. 1998); *Blair v. Campbell,* 924 S.W.2d 75, 76 (Tenn. 1996). "The existence of a dangerous condition alone will not give rise

to a duty 'unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.'" *Basily v. Rain, Inc.,* 29 S.W.3d 879, 883 (Tenn. Ct. App. 2000), *quoting*, *Rice v. Sabir,* 979 S.W.2d at 309.

Liability for negligence due to a dangerous or defective condition on the premises will attach if it can be shown that the owner/operator, or his agent, caused or created the hazardous condition, or, if the condition was created by a third party, plaintiff must show that the owner/operator had actual or constructive notice of the condition. *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 563 (Tenn. Ct. App. 1985); *Hardesty v. Service Merchandise Co., Inc.,* 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997).

If the proof shows that the defendant created the hazardous condition, the notice requirement will not be triggered, since a defendant need not be otherwise notified of what he has done. *Stringer v. Cooper,* 486 S.W.2d 751 (Tenn. Ct. App. 1972). Otherwise actual or constructive notice of a dangerous condition is an essential element of the plaintiff's case. *Id.* p. 757.

Actual notice is defined as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons *to* investigate and ascertain as to the ultimate facts. *Kirby v. Macon Co.,* 892 S.W.2d 403, 409 (Tenn. 1994).

Taking the strongest legitimate view of the evidence, the trier of fact could reasonably infer that defendant's employees knew that Windex had spilled on the floor prior to plaintiff's fall. However, the record does not establish whether defendant's actual notice was sufficiently in advance of the accident to take reasonable steps to correct the danger or warn of its existence. *See Friar v. Kroger Co.*, 1998 WL 170140 (Tenn. Ct. App. 1998). The record establishes when plaintiff fell, but it does not establish when defendant had actual notice of the dangerous condition. If defendant's employees had actual knowledge of the condition, it follows they would know when they learned that fact.[1]

The issue of whether defendant had actual notice of the dangerous condition prior to the accident, is a disputed issue of material fact, and we vacate the summary judgment and remand for further proceedings consistent with this Opinion.

The cost of the appeal is assessed to The Kroger Company.

_____
HERSCHEL PICKENS FRANKS, J.

---

[1]The moving party must affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarlie v. West Quality Food Service,* 960 S.W.2d 423 (Tenn. 1998).