IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 24, 2011 Session

## DAVID MACKLIN v. DOLLAR GENERAL CORPORATION, d/b/a DOLLAR GENERAL STORE #2311

**Direct Appeal from the Circuit Court for Haywood County**
**No. 3880      Clayburn Peeples, Judge**

_____

**No. W2010-01507-COA-R3-CV - Filed May 4, 2011**

_____

This is a premises liability case. The plaintiff slipped and fell on a clear liquid at the defendant's store. The defendant moved for summary judgment arguing it did not have a reasonable opportunity to clean the floor, warn the customer of the clear liquid, or take adequate precautionary measures upon receiving notice of the dangerous condition. The trial court granted the motion and the plaintiff appealed. Having determined the defendant effectively moved for and received only partial summary judgment, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

William A. Buckley, III and John M. Bailey, Memphis, Tennessee, for the appellant, David Macklin.

Bradford D. Box and John O. Alexander, Memphis, Tennessee, for the appellee, Dollar General Corporation.

**OPINION**

### I.  Background and Procedural History

The following facts are undisputed. On July 17, 2007, an assistant manager of Dollar General Store #2311, Shanda Robertson, received a page from a store clerk notifying her that a female customer had almost slipped on a substance on the store floor. Ms. Robertson immediately started to the area of the store where the substance was reported to be located

with intent to stand over the clear liquid and direct customers elsewhere. On her way, she ordered another store clerk to retrieve a mop. The plaintiff/appellant, David Macklin ("Plaintiff"), slipped on the clear liquid before Ms. Robertson arrived to secure the area, falling "[o]nly a few seconds" after the other customer notified the store clerk of the substance.

Plaintiff filed this premises liability action against the defendant/appellee, Dollar General Corp. d/b/a Dollar General Store #2311 ("Dollar General"), to recover for injuries allegedly incurred as a result of his slip and fall. Plaintiff alleged Dollar General was responsible for maintaining the premises of the store in question, giving rise to a duty to inspect the safety conditions of the store from time to time. According to Plaintiff, Dollar General also possessed a duty to use reasonable care under the circumstances and to discover any condition on the premises that posed a danger to its customers, as well as to correct the danger or to warn any person coming on the property of the danger. Plaintiff alleged Dollar General negligently created a dangerous situation when it failed to properly oversee staff members who mopped and maintained the cleanliness of its floors and allowed a clear liquid detergent to remain on its floor. Dollar General allegedly compounded this negligence when it failed to place any type of warning cone or sign notifying customers that the floor was covered with a clear liquid. Plaintiff concluded the negligence of Dollar General was the direct and proximate cause of the injuries and damages that he sustained as a result of his slip and fall. Dollar General admitted in its answer that a fall occurred but denied liability for Plaintiff's alleged injuries. Litigation ensued.

Dollar General eventually filed a motion for summary judgment supported by a statement of undisputed facts, the affidavit of Shanda Robertson, and a memorandum of law. Dollar General conceded that Plaintiff slipped and fell on its premises but argued it should not be held liable because its employees did not have a reasonable opportunity to remedy the dangerous condition prior to the accident. Notably, Dollar General did not argue that the undisputed facts showed it did not have prior constructive notice of the dangerous condition or that Dollar General's employees did not create the dangerous condition. Plaintiff likewise did not focus on these issues in response, arguing instead that the question of whether Dollar General had a reasonable opportunity to respond given actual notice was a jury question.[1]

The trial court granted summary judgment in favor of Dollar General. The court stated in its order:

_____

[1]Plaintiff did, however, maintain that a plaintiff may establish a prima facie claim of premises liability against a premises owner for allowing a dangerous condition to exist if (1) the defendant created the dangerous condition that precipitated the injury, or (2) the defendant had actual or constructive notice of the condition prior to the plaintiff's injury.

Premises owners in Tennessee are not insurers of their customers' safety, and they are not held to a standard of strict liability. Rather, upon receiving notice, actual or constructive, of a dangerous or defective condition on their property, premises owners are afforded a reasonable time and opportunity in which to correct, warn, or otherwise remedy the dangerous or defective condition before liability can attach.

The record before this Court contains the Affidavit of assistant store manager, Shanda Robertson, which establishes that only a few seconds past [sic] between the time the Defendant received notice of the substance on its floor and the time of the Plaintiff's fall. This Court finds as a matter of law that based on the testimony and facts of record, namely those contained in the Affidavit of Shanda Robertson, the Defendant did not have reasonable time or opportunity to correct, warn, or otherwise remedy the situation before the Plaintiff fell. Without a reasonable time and opportunity to correct, warn, or otherwise remedy the situation before the Plaintiff fell, liability cannot attach. There is, therefore, no genuine issue as to any material fact for trial in this premises liability case, and the Defendant is entitled to judgment as a matter of law.

Plaintiff timely appealed.

## II. Issues Presented

The principal issue before this Court, as we perceive it, is whether the trial court erred when it determined Dollar General was entitled to summary judgment where the premises owner did not address whether it had constructive notice of a dangerous condition, did not negate the possibility that it created the dangerous condition, but demonstrated it did not have a reasonable opportunity to correct or warn of the dangerous condition upon receiving actual notice. The dispositive issue, however, is whether this Court has jurisdiction to decide this appeal if the movant effectively sought—and the trial court thus awarded—only partial summary judgment.

## III. Standard of Review

"Summary judgments are not disfavored as procedural devices." *Eskin v. Bartee*, 262 S.W.3d 727, 732 (Tenn. 2008) (citing *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)). As a general rule, "negligence cases are not amenable to disposition on summary judgment." *Fruge*, 952 S.W.2d at 410 (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 775-76 (Tenn. 1991); *Keene v. Cracker Barrel Old*

*Country Store, Inc.*, 853 S.W.2d 501, 502-03 (Tenn. Ct. App. 1992)). Tennessee courts may nevertheless resolve any civil case at summary judgment, including a negligence case, if the matter "can be and should be resolved on legal issues alone." *Id*. (citing *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527 (Tenn. Ct. App. 1993)).

Our courts may also employ the summary judgment procedure to narrow the issues for trial in a negligence case. *See* Tenn. R. Civ. P. 56.05 (establishing a procedure by which cases not fully adjudicated at summary judgment may proceed in the trial court); Tenn. R. Civ. P. 56 (advisory commission comment) (recognizing the enactment of Rule 56 as "a substantial step forward to the end that litigation may be accelerated, insubstantial issues removed, and trial confined only to genuine issues"); *Coburn v. City of Dyersburg*, 774 S.W.2d 610, 610 (Tenn. Ct. App. 1989) (reversing a trial court's order denying a motion for partial summary judgment on the amount of a defendant's prospective liability in a wrongful death action filed under the Governmental Tort Liability Act); Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 9-4[o], at 9-81 (3d ed. 2009) (recognizing that Rule 56 permits partial summary judgments). The grant of partial summary judgment, however, is an interlocutory order. *See* Tenn. R. Civ. P. 56.04 (stating that a "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages").

The burden to demonstrate a right to summary judgment, partial or otherwise, rests with the moving party in the first instance. Rule 56 of the Tennessee Rules of Civil Procedure provides that a party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party has the ultimate burden of demonstrating that summary judgment is appropriate, *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215), and bears the initial burden of providing a properly supported motion showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, *id.* (citing *Staples*, 15 S.W.3d at 88; *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). "The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." *Id.* (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5).

A party will not succeed on a motion for summary judgment merely by asserting that the nonmoving party is without evidence to support a claim. *Id.* at 83-84 (citing *Byrd*, 847 S.W.2d at 215). "The moving party must either produce evidence or refer to evidence

previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." *Id.* at 84 (citing *Hannan*, 270 S.W.3d at 5). Production of evidence raising doubts about the merits of the nonmoving party's claim will not suffice. *Id.* (citing *McCarley*, 960 S.W.2d at 588). "[T]he moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." *Id.* (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004)). If the moving party does not carry its initial burden, the nonmoving party has no obligation to produce evidentiary materials in support of its position. *Id.* (citing *Staples*, 15 S.W.3d at 88; *McCarley*, 960 S.W.2d at 588).

Once a moving party carries its initial burden, the focus of the inquiry shifts to the nonmoving party who must "affirmatively show facts either (a) supporting the elements of its claim or defense if it has the burden of persuasion, or (b) negating the movant's claim or defense if the movant has the burden of persuasion." Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 27:5, at 394-95 & n.49 (2011) (collecting cases). There are at least four ways in which the nonmoving party can satisfy its burden of production and defeat a motion for summary judgment:

> by pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute; by rehabilitating the evidence attacked in the moving party's papers; by producing additional evidence showing the existence of a genuine issue for trial; or by submitting an affidavit explaining why further discovery is necessary in accordance with Tenn. R. Civ. P. 56.07.

*Id.* § 27:5, at 395-97 & n.50. If the moving party presents a properly supported motion demonstrating a right to judgment as a matter of law, the nonmoving party must affirmatively respond to preserve his or her claim. A nonmoving party cannot merely "rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06.

Courts accept the evidence of the nonmoving party as true and resolve any doubts concerning the existence of a genuine issue of material fact in favor of the nonmoving party. *Martin*, 271 S.W.3d at 84 (citing *McCarley*, 960 S.W.2d at 588). "'A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Id.* (quoting *Byrd*, 847 S.W.2d at 215). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Id.* (quoting *Byrd*, 847 S.W.2d at 215). The grant of summary judgment is appropriate only where "the evidence and the inferences reasonably drawn from the evidence permit reasonable persons to reach only one conclusion—that the moving party is entitled

to a judgment as a matter of law." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010) (citations omitted).

The grant or denial of a motion for summary judgment is a question of law, and our standard of review is *de novo* with no presumption of correctness. *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010) (citing *Blair*, 130 S.W.3d at 763). "Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000) (citing *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991)). "On appeal, we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997) (citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44–45 (Tenn. Ct. App.1993)); *accord Eskin*, 262 S.W.3d at 732 (stating that "in each case the appellate court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied"). In doing so, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Brown*, 955 S.W.2d at 51 (citing *Staples*, 15 S.W.3d at 89).

## IV. Analysis

The issue the parties address in their briefs is whether the trial court erred when it granted summary judgment to Dollar General because the defendant did not, as the moving party, negate an essential element of Plaintiff's premises liability claim. Our supreme court has recognized that "[b]usiness proprietors are not insurers of their patrons' safety." *Blair*, 130 S.W.3d at 764. "However, they are required to use due care under all the circumstances." *Id.* (citing *Martin v. Washmaster Auto Ctr., U.S.A,* 946 S.W.2d 314, 318 (Tenn. Ct. App.1996)); *accord Dobson v. State*, 23 S.W.3d 324, 330-31 (Tenn. Ct. App. 1999) (quoting *Jones v. Exxon Corp.*, 940 S.W.2d 69, 71 (Tenn. Ct. App. 1996)) ("The duty of a premises owner is 'a duty of reasonable care under all circumstances.'"). "This duty is based upon the assumption that the owner has superior knowledge of any perilous condition that may exist on the property." *Dobson*, 23 S.W.3d at 330 (citing *Kendall Oil Co. v. Payne*, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955)). "The duty includes the obligation of the owner to maintain the premises in a reasonably safe condition and to remove or warn against latent or hidden dangerous conditions on the premises of which the owner is aware or should be aware through the exercise of reasonable diligence." *Id.* (citing *Eaton v. McLain*, 891 S.W.2d 587, 593–94 (Tenn. 1994)). "The scope of this duty is grounded upon the foreseeability of the risk involved." *Id.* at 331 (citing *Jones*, 940 S.W.2d at 72). "Thus, in order to prevail in a premises liability action, the plaintiff must show that the injury was a reasonably foreseeable probability and that some action within the defendant's power more

probably than not would have prevented the injury." *Id.* (citing *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)).

A plaintiff seeking to prevail on a premises liability claim must not only prove the ordinary elements of negligence, but he or she must also demonstrate that the defendant either created the dangerous condition giving rise to the harm or had notice of the condition. *Blair*, 130 S.W.3d at 764. A plaintiff must show:

> (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

*Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008) (citing *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 771 (Tenn. 2006); *Draper v. Westerfield*, 181 S.W.3d 283, 290 (Tenn. 2005)). A plaintiff must also prove (1) "the condition was caused or created by the owner, operator, or his agent," or (2) "if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual *or* constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W.3d at 764 (emphasis added) (citing *Washmaster Auto Center*, 946 S.W.2d at 318). A plaintiff is not required to prove a premises owner had prior notice of a dangerous condition if the premises owner created the condition that caused a plaintiff's injury. *Longmire v. Kroger Co.*, 134 S.W.3d 186, 189 (Tenn. Ct. App. 2003) (citing *Stringer v. Cooper*, 486 S.W.2d 751, 757 (Tenn. Ct. App. 1972)).

Dollar General submits it affirmatively negated the essential element of breach of the duty of care because the undisputed facts show it did not have a reasonable opportunity to remedy the dangerous condition that caused Plaintiff to fall. Analogizing to case law from landlord-tenant disputes, Dollar General argues its duty to use reasonable care "does not require constant care and inspection." *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987) (citing *Jolly Motor Livery Corp. v. Allenberg*, 221 S.W.2d 513, 515 (Tenn. 1949)). Rather, a premises owner who has actual or constructive notice of a dangerous condition in an area under his control "must act within a reasonable time to remedy the condition." *Id.* Dollar General submits that liability does not attach until the premises owner "has notice, actual or constructive, and a reasonable opportunity to repair the defect." *Id.* (citing *Glassman v. Martin*, 269 S.W.2d 908 (Tenn. 1954)). Dollar General concludes a premises owner is not chargeable with a breach of its duty of care if the premises owner does not receive a reasonable time to respond to actual or constructive notice of a dangerous condition prior to the resulting accident.

The problem with Dollar General's argument is that, even if we agree that a premises owner cannot be held liable absent reasonable opportunity to respond to a dangerous condition, *see Longmire*, 134 S.W.3d at 189 (citation omitted), Dollar General has not negated or even attempted to negate an essential element of Plaintiff's premises liability claim. Dollar General's motion for summary judgment and supporting memorandum before the trial court focused solely on the reasonableness of its actions following the receipt of actual notice.[2] Dollar General did not attempt to negate the possibility that its employees created the dangerous condition or address the possibility that its employees had constructive notice of the dangerous condition prior to receiving actual notice.[3] Importantly, Dollar General did not address allegations in Plaintiff's complaint asserting the defendant's employees negligently allowed the clear liquid to remain after cleaning or waxing the store floor. Under the case law discussed above, Dollar General simply did not move to negate an essential element of Plaintiff's claim. It moved only to narrow the issues in dispute.

We conclude Dollar General's motion before the trial court, despite its title, was a motion for partial summary judgment. Although the parties did not perceive Dollar General's motion as a motion for partial summary judgment, "[c]ourts must construe motions based on their substance rather than their title." *Rains v. Bend of the River*, 124 S.W.3d 580, 587 n.2 (Tenn. Ct. App. 2003) (citing *Bemis Co. v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979); *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn. Ct. App. 1999)). The substance of Dollar General's motion did not present a basis upon which the trial court could, as a legal matter, grant anything more than partial summary judgment on Plaintiff's claim. Thus, the order granting Dollar General's motion effectively awarded the defendant only partial summary judgment; it did not foreclose Plaintiff's arguments on the issues of constructive notice and creation of the dangerous condition.[4] The possibility remains that Plaintiff may

---

[2]Dollar General's statement of undisputed facts notably did not establish that a customer created the dangerous condition, which arguably would negate creation of the condition and limit the trial court's analysis to whether Dollar General had actual or constructive notice and a reasonably opportunity to respond.

[3]Our analysis remains the same even if one broadly reads the motion for summary judgment as attacking the issue of constructive notice because the possibility that Dollar General's employees created the dangerous condition, which is fairly raised in the complaint, remains.

[4]We disagree Plaintiff waived the issues of constructive notice and creation of the condition under the circumstances. The party moving for summary judgment bears the initial burden of providing a properly supported motion showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Dollar General possessed an affirmative duty as the party moving for summary judgment to negate an essential element of Plaintiff's claim, which it could not satisfy under the undisputed facts and arguments before us. Dollar General could not shift the burden to Plaintiff on issues for which it presented no argument in the first instance. *See Union Planters Nat'l Bank v. Am. Home Assur. Co.*, 865

(continued...)

establish Dollar General breached the duty of care owed to its patrons, even if Plaintiff cannot demonstrate Dollar General's employees acted unreasonably after receiving actual notice of the dangerous condition.

Our determination that the trial court's order grants Dollar General only partial summary judgment presents an unanticipated and somewhat novel dilemma. We must determine whether this Court has jurisdiction to decide the current appeal.[5] Although the parties did not raise this issue, the question of subject matter jurisdiction is one that appellate courts must consider even if the parties do not raise it. Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). "[P]arties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing *Caton v. Pic-Walsh Freight Co.*, 364 S.W.2d 931, 933 (Tenn. 1963); *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)).

This Court's subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller,* 491 S.W.2d 85, 86 (Tenn. 1973)). In order to obtain review of an interlocutory order, parties generally must proceed under Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. R. 9; Tenn. R. App. P. 10; *see also Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 342 (Tenn. 2002) (entertaining an appeal of a partial summary judgment initiated under Rule 9); *Curde v. Tri-City Bank & Trust Co.*, 826 S.W.2d 911, 911 (Tenn. 1992) (same). The parties in this case did not treat the order below as interlocutory, seeking instead a direct appeal under Rule 3(a) of the Tennessee Rules of Appellate Procedure. Rule 3(a), however, does not provide a basis to review an order of partial summary judgment on a single claim. *See* Tenn. R. App. P. 3(a) (providing for an appeal as of right from final judgments in civil actions). And we do not find good cause to suspend the requirements of Rule 3(a) under the facts. *See* Tenn. R. App. P. 2.

---

[4](...continued)
S.W.2d 907, 911 (Tenn. Ct. App. 1993) (holding that a defendant's limited motion for partial summary judgment did not shift the burden to the plaintiff on issues not raised in the motion). We conclude Plaintiff's failure specifically to address issues concerning constructive notice or creation of the dangerous condition in response to Dollar General's non-existent arguments on the same issues does not amount to waiver.

[5]The alternative is to conclude Dollar General did not negate an essential element of Plaintiff's claim for the reasons set forth in this opinion and remand this case to the trial court for further consideration. We are able to reach such a conclusion, however, only if the order granting summary judgment is an appealable final judgment.

The order granting summary judgment in this case is akin to a trial court's order purporting to grant a final judgment following trial. This Court must examine the record to determine whether the order actually resolves all of the claims, rights, and liabilities of the parties regardless of whether the trial court or the parties perceive the order to be final. *See* Tenn. R. App. P. 3(a). A similar responsibility attaches when determining whether an order granting summary judgment is final or interlocutory in nature. We must consider whether an order granting summary judgment on a single claim actually resolves that claim or merely narrows the issues for trial, assuming *arguendo* the trial court correctly decided the motion before it. The order granting summary judgment in this case did not resolve Plaintiff's premises liability claim. It only removed from the issues to be presented at trial the question of whether Dollar General had a reasonable opportunity to correct, warn, or otherwise remedy a dangerous condition upon receiving actual notice. Because Dollar General did not move for and the trial court did not grant summary judgment on any single dispositive basis of Plaintiff's claim, the court's order grants only partial summary judgment. The order is therefore interlocutory in nature and this appeal must be dismissed.[6]

## V. Conclusion

For the foregoing reasons, we dismiss this appeal for lack of subject matter jurisdiction. Costs of this appeal are taxed to the appellant, David Macklin, and his surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[6]Because the trial court's order is not a final judgment, we need not opine on whether Rule 56 authorizes the grant of partial summary judgment on a narrow sub-issue of a party's claim.